UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE COPELAND | CIVIL ACTION |
| VERSUS | NO. 17-2122 |
| DANIEL EDWARDS ET AL. | SECTION "I" (2) |

# REPORT AND RECOMMENDATION

Plaintiff, Willie Copeland, is a prisoner currently incarcerated in the B.B. (Sixty) Rayburn Correctional Center ("Rayburn") in Angie, Louisiana. He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Daniel Edwards, sheriff of Tangipahoa Parish, and Dennis Wheat, whom he identifies as the "jail supervisor." Record Doc. No. 3 at p. 4. Copeland alleges that, while incarcerated in the Tangipahoa Parish jail, defendants violated his constitutional rights by failing to transport him from the jail upon his mother's death to pay his last respects. He seeks $250,000.00 in damages for his pain and suffering. Record Doc. No. 3 (Complaint at ¶ V).

Specifically, Copeland alleges that while he was incarcerated in the Tangipahoa Parish jail, where he was being held on charges arising in Livingston Parish, both Sheriff Daniels and Wheat told him "that they would bring plaintiff to pay last respects to Plaintiff['s] mother who pas[s]ed (sic) away." Id. at ¶ IV. Copeland alleges that on the date he was to be transported, "no one showed up to pick up Plaintiff and no excuse was given. . . ." Id. He further alleges that no response was provided to the grievance he filed in the jail's administrative remedies procedure ("ARP") when he complained.

**ANALYSIS**

I. STANDARDS OF REVIEW

A prisoner's pro se complaint for alleged civil rights violations must be screened by the court as soon as practicable after docketing, regardless whether it has also been filed in forma pauperis. 28 U.S.C. § 1915A(a); Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007); Lewis v. Estes, 242 F.3d 375, 2000 WL 1673382, at *1 (8th Cir. 2006); Lee v. Hennigan, 98 F. App'x 286, 287 (5th Cir. 2004) (citing Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998)); Shakur v. Selsky, 391 F.3d 106, 112 (2d Cir. 2004); Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998); Lewis v. Sec'y, DOC, No. 2:10-CV-547-FTM-29, 2013 WL 5288989, at *2 (M.D. Fla. Sept. 19, 2013), aff'd, 589 F. App'x 950 (11th Cir. 2014). Such complaints by prisoners must be dismissed upon review if they are frivolous or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); Lewis v. Charlotte Corr. Inst. Emps., 589 F. App'x 950, 952 (11th Cir. 2014); Thompson, 213 F. App'x at 942; Shakur, 391 F.3d at 113; Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999).

"A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'" Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended). A complaint is frivolous "if it lacks an arguable basis in law or fact." Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); Reeves v. Collins, 27 F.3d 174, 176 (5th

Cir. 1994). The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

"'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'" Davis, 157 F.3d at 1005 (quoting McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997)). "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the section 1915(d) standard is not." Moore v. Mabus, 976 F.2d 268, 269 (5th Cir. 1992). An in forma pauperis complaint which is legally frivolous, fails to state a claim or seeks monetary relief against a defendant who is immune from such relief may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2).

In this case, plaintiff's Section 1983 complaint may be dismissed either under 28 U.S.C. § 1915(e) as frivolous because it lacks an arguable basis in law or under Rule

12(b)(6) because it fails to state a cognizable Section 1983 claim under the broadest reading.[1]

## II. FUNERAL ATTENDANCE

Copeland complains that defendants did not fulfill their promise to take him to pay last respects to his mother, presumably at her funeral service. He does not allege that the failure was based on some suspect classification or other basis that might conceivably implicate constitutional considerations. On the contrary, it is well established that prisoners have no constitutionally protected right to attend funeral services for relatives. Rathers v. Raney, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. 2000); Thomas v. Farley, 31 F.3d 557, 559 (7th Cir. 1994); Carson v. Quarterman, No. 6:08cv512, 2009 WL 1505389, at *22 (E.D. Tex. May 27, 2009); Roca v. Stalder, No. 07-511-JVP-DLD, 2008 WL 1994878, at *2 (M.D. La. May 8, 2008) (Parker, J.); Randall v. Prator, No. 07-2120-P, 2008 WL 544464 (W.D. La. Feb. 12, 2008) (Hornsby, M.J.); Jones v. Houston, No. 4:06CV3314, 2007 WL 3275125 (D. Neb. Nov. 2, 2007); Carlisle v. Rayburn Corr. Ctr., No. 07-451, 2007 WL 550054, at *2 (E.D. La. Feb. 16, 2007) (Duval, J.).

---

[1] The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

Although states may create a liberty interest on behalf of prisoners by limiting the discretion of prison authorities to disallow funeral leave, Merritt v. Broglin, 891 F.2d 169, 172-74 (7th Cir. 1989) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)), Louisiana has not done so. See La. Rev. Stat. § 15:833(A) ("The secretary of the Department of Public Safety and Corrections may authorize visits and correspondence under reasonable conditions between inmates and approved friends, relatives, and other persons.") (Emphasis added).[2]

Constitutionally protected liberty interests may be created not only by the Constitution itself but also by state law. However, not every state law creates a liberty interest protected by the Constitution and cognizable under Section 1983. On the contrary, a state law creates constitutionally protected interests only if it establishes that state officials must take mandatory, non-discretionary actions in connection with the life, liberty or property of citizens. Olim v. Wakinekona, 461 U.S. 238, 249 (1983); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir. 1989). Thus, state statutes that vest officials with

---

[2]The Louisiana legislature amended La. Rev. Stat. § 15:833(A) in June 2008 to delete a provision that had expressly permitted the secretary of the Department of Public Safety and Corrections to authorize the temporary release of an inmate for the death of a member of the inmate's family. Section A of the statute previously read:
> The secretary of the Department of Public Safety and Corrections may authorize visits and correspondence under reasonable conditions between inmates and approved friends, relatives, and other persons. Notwithstanding any provisions of law to the contrary, the secretary may authorize the temporary release of an inmate only for terminal illness, serious illness or death of a member of the inmate's family, or for an interview of the inmate by a prospective employer. (Emphasis added).

The second sentence was deleted by La. Acts 2008, No. 572, § 1, which was approved on June 30, 2008. As stated in the text above, Section A now consists of the first sentence only.

broad discretion to carry out their official functions do not create constitutionally protected interests that may form the basis for an action under Section 1983. See Olim, 461 U.S. at 249-50 (Hawaii prison regulations vesting prison administrators with broad discretion concerning inmate placement and transfers create no liberty interest protected under the Due Process Clause); Merit v. Lynn, 848 F. Supp. 1266, 1267-68 (W.D. La. 1994) (Louisiana parole statute is broadly discretionary and creates no constitutionally protected liberty interest).

Thus, the State of Louisiana by its broadly discretionary statute, La. Rev. Stat. § 15:833, has not created a protected liberty interest in favor of prisoners to attend funerals or any requirement that prison officials transport inmates from jail to pay respects to relatives who die. See Assaad v. Ashcroft, 378 F.3d 471, 475 (5th Cir. 2004) ("[T]he failure to receive relief that is purely discretionary in nature does not amount to a deprivation of a liberty interest.") (internal quotation omitted).

Copeland merely alleges that no one showed up to take him to pay last respects to his mother. At most, these are negligence allegations that cannot form the legal basis for a claim of denial of a constitutional right on which a Section 1983 complaint might be based. Under these circumstances, plaintiff at best asserts a state law tort or negligence claim, if anything at all, not a claim of civil rights violations cognizable under Section 1983. Claims arising from allegedly negligent acts do not give rise to relief under

Section 1983. The Supreme Court has held that "the Due Process Clause is simply not implicated by a negligent act of an official causing unintended loss or injury to life, liberty or property." Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986). In a number of contexts, other courts have determined that allegations amounting to mere negligence cannot support a Section 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993) (negligent medical care); Hare v. City of Corinth, 74 F.3d 633, 641-42, 646 (5th Cir. 1996) (negligence insufficient to support failure to protect claim under Section 1983); Eason v. Thaler, 73 F.3d 1322, 1328-29 (5th Cir. 1996) (negligence cannot support Section 1983 action for deprivation of religious rights or for an Eighth Amendment claim based upon prison officials' alleged gross negligence in permitting a gas leak to occur); Doe v. Taylor Indep. Sch. Dist., 975 F.2d 137, 142 (5th Cir. 1992), vacated on other grounds, 15 F.3d 443 (5th Cir. 1994) ("Even when constitutional liberty interests are implicated, not all bodily injuries caused by state actors give rise to a constitutional tort, for it is well settled that mere negligence does not constitute a deprivation of due process under the Constitution."). Therefore, Copeland's claim that his constitutional rights were violated by prison officials' failure to transport him from jail to pay respects to his deceased mother fails to state a claim of violation of constitutional rights on which relief may be granted under Section 1983.

Furthermore, to state a claim under Section 1983 seeking recovery solely of emotional damages, like the pain and suffering Copeland alleges in this case, plaintiff must allege actual physical injury caused by defendants' acts. The only injury alleged by plaintiff in this complaint is non-tangible mental anguish, pain and suffering, <u>not</u> physical injury. However, the Prison Litigation Reform Act of 1996 included the following requirement in 42 U.S.C. § 1997e(e): "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury while in custody without a prior showing of physical injury." <u>See</u> <u>Siglar v. Hightower</u>, 112 F.3d 191, 193-94 (5th Cir. 1997) (discussing this requirement). Because Copeland suffered no physical injury or violation of his constitutional rights of any kind as a result of defendants' failure to bring him to his mother's funeral, he fails to state a cognizable Section 1983 claim.

## **RECOMMENDATION**

For all of the foregoing reasons, **IT IS RECOMMENDED** that plaintiff's complaint asserting claims pursuant to 42 U.S.C. § 1983 arising from the failure of defendants to transport him to pay final respects to his mother be **DISMISSED WITH PREJUDICE** as legally frivolous and/or for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915(e)(2), to whatever extent, if any, that he asserts these claims against <u>any</u> of the named defendants.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this __28th__ day of ____April____, 2017.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[3] Douglass referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.